IN THE SUPERIOR COURT
OF GUAM

THE DEPARTMENT OF PUBLIC WORKS, )
by and through the Office of the Attorney )
General, )
)
               Petitioner, )
)
    vs. )
)
CIVIL SERVICE COMMISSION, )
)
            Respondent, )
)
     and, )
)
FRANKLIN B. CASTRO, )
)
         Real Party in Interest. )

Special Proceedings Case no. SP099-09

**DECISION AND ORDER**
re: Petition for Writ of Judicial Review

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on February 1, 2012. The Department of Public Works ("DPW") was represented by Attorney Benjamin M. Abrams. The Civil Service Commission ("Commission") was represented by Attorney Sophia Santos Diaz. The Real Party in Interest ("Mr. Castro") was represented by Attorney Daniel S. Somerfleck. After considering the matters presented, the Court finds that Commission's decision to not have an evidentiary hearing was not in accordance with the law. The Commission's decision and order finding that charges brought against Mr. Castro by DPW were barred is therefore reversed. The Court remands the instant matter to the Commission for the reasons stated below.

## BACKGROUND

On November 11, 2006, the Commission issued a decision and order finding that Mr. Castro was entitled to continue work injury status with full pay and benefits. However, in 2008

DPW terminated Mr. Castro on the basis of occupational fraud, claiming that Mr. Castro had faked an injury in 1995 and continued to conceal it. Mr. Castro then appealed the adverse action taken by DPW to the Commission. The Commission found that the charges brought against Mr. Castro by DPW were barred by the 60 day rule contained in 4 GCA § 4406. The Commission also expunged Mr. Castro's adverse action record, awarded back wages, restored his termination-related leave and mandated payment of Retirement fund contributions that were interrupted by the termination.

The issue before the Commission was whether DPW knew or should have known the facts or events which formed the basis of the Adverse Action more than sixty (60) days prior to the Notice of Adverse Action. The Commission found that DPW failed to show any action on Mr. Castro's behalf to conceal facts, and that DPW's failure to take any action for over a thirteen year period is not reasonably within the time frame that DPW knew or should have known about the alleged fraud.

The Commission was also presented with the question of whether or not DPW's allegation of fraud creates an exception to the 60-day requirement to file charges. The Commission found that under no circumstances could it be considered reasonable to wait over twelve years after knowing of purported facts to take action. Thus, the Commission held that there is no exception to the 60-day requirement in the instant matter.

DPW seeks Judicial Review of the Commission's decision. DPW argues that without a factual evidentiary hearing, the Commission did not have a basis to make such a finding. DPW claims that the Commission erred by not having an evidentiary hearing on whether the 60 day rule applies to an intentional misrepresentation.

## DISCUSSION

**Standard of Review**

In *Carlson v. Perez*, 2007 Guam 6, the Supreme Court of Guam found that a Petition for Judicial Review filed under 4 GCA § 4406 is the proper vehicle to invoke the Superior Court's review powers where a petitioner specifically challenges a final decision by the Commission. *Id.* at ¶ 65. The Supreme Court mandated that "where an agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action." *Id.* at ¶ 59.

4 GCA § 4406 grants the Superior Court of Guam jurisdiction over the review of a final decision of the Commission with regards to *adverse actions*, however, this statute does not provide the procedure for obtaining such review. Because no procedure for filing a petition seeking judicial review is set forth by 4 GCA § 4406 or the Commission Rules of Procedure for Adverse Action Appeals, under *Carlson* and 7 GCA § 7117, the Court is required to adopt a suitable procedure for review.

The Court recognizes that the closest type of review that has been applied in similar cases is the standard of review that is applied by a trial court, upon judicial review of an agency's action, which is as follows: "If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence." 5 GCA § 9240. The court must weigh the record as a whole, weighing both the evidence that supports and evidence that detracts from the agency's decision. *Lopez v. Guerrero*, 882 F.Supp 952 (D. Guam App. Div. 1995) citing *Baxter v. Sullivan*, 923 F.2d 1391 (9th Cir. 1991). Additionally, the court must uphold the agency's decision where the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453

(9th Cir. 1984).

The court is required to affirm the Commission's findings of fact, and any conclusions resulting therefrom, if supported by substantial evidence. *Fagan v. Dell'Isola*, 2006 Guam 11 ¶ 11. This is because a reviewing body "may not substitute its views for those of the [agency], but instead must accept the [agency's] findings unless they are contrary to law, irrational, or unsupported by substantial evidence." *Id.* When the statute of limitations begins to run is a question of law reviewed *de novo*. *In re Hanna*, 72 F. 3d 114, 115 (9th Cir. 1996). However, if the question turns on what a reasonable person should know, a mixed question of law and fact is presented, and the lower court's conclusion is reviewed for clear error. *Rose v. United States*, 905 F. 2d 1257, 1259 (9th Cir. 1990) (citation omitted).

In this case, the Commission's finding that the charges brought against Mr. Castro by DPW were barred by the 60 day rule contained in 4 GCA § 4406 is a mixed question of law and fact. It is a mixed question of law and fact because the question of the 60 day rule violation turns on what DPW knew or should have known regarding the alleged fraud committed by Mr. Castro. Thus, the Court will review the Commission's decision for clear error. "A finding is clearly erroneous when, even though some evidence supports it, the entire record produces a definite and firm conviction that the court below committed a mistake." *Yang v. Hong*, 1998 Guam 9 ¶7.

**Whether the Commission's decision was clearly erroneous?**

In reviewing the Commission's decision and order, it is necessary to begin with whether the decision was in accordance with the law. In doing so, the Court must determine whether the Commission's decision regarding 4 GCA § 4406 was erroneous. That section provides,

> An employee in the classified service who is dismissed, demoted or suspended shall be given immediate notice of the action, together with a specific statement of

the charges upon which such action is based in the manner required by Article 2 of this Chapter. . . In no event may an employee in the classified service be given notice and statement of the charges required by this Section after the sixtieth (60th) day after management knew or should have known the facts or events which form the alleged basis for such action. Any action brought by management in violation of this Section is barred and any decision based upon such action is void.

4 GCA § 4406.

In the instant case, DPW asserts that the Commission's decision to not have an evidentiary hearing regarding its findings was erroneous. The Commission found that DPW failed to show any action on Mr. Castro's behalf to conceal facts, and that DPW's failure to take any action for over a thirteen year period is not reasonably within the time frame that DPW knew or should have known about the alleged fraud. The Commission also held that under no circumstances could it be considered reasonable to wait over twelve years after knowing of purported facts to take action. The Commission however did not hold an evidentiary hearing regarding the above findings.

The Court notes that "[u]pon the hearing of any adverse action appeal, the burden of proof shall be upon the government to show clearly and convincingly that the action of the Branch, department, agency or instrumentality was correct." 4 GCA § 4407. From this statute it is evident that DPW had the burden of proving that its action of firing Mr. Castro was correct. In order to meet its burden, DPW must have been given the opportunity to present facts in an evidentiary hearing regarding why it terminated Mr. Castro. Because DPW was not given such an opportunity, the Commission's decision to not have an evidentiary hearing was not in accordance with the law and thus clearly erroneous.

Furthermore, throughout the proceedings before the Commission, DPW continuously argued that the continuing wrong doctrine is applicable in this case. That doctrine states,

> In actions for relief, on the grounds of fraud or mistake ... the cause of action shall not be deemed to have accrued until the fraud [or] mistake ... shall have been discovered by the party aggrieved.... Normally, the limitations period begins to run when the plaintiff discovers the fraud or when, with reasonable diligence, the plaintiff could have discovered the fraud.... Under the continuing wrong doctrine, however, where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury.... In other words, the statute of limitations does not begin to run until the wrong is over and done with. In addition, the doctrine cannot be utilized where a plaintiff's injury is definite and discoverable, and nothing prevents him from coming forward to seek redress.

*Gayle v. Hemlani*, 2000 Guam 25 ¶33 (citing *Tiberi v. Cigna*, 89 F. 3d 1423 (10th Cir. 1996) (citations and internal quotations omitted)). The Commission however never addressed whether the doctrine is applicable because no evidentiary hearing was held. Thus, the Court finds that the Commission must also address whether the continuing wrong doctrine applies in the instant case.

## CONCLUSION

Based on the foregoing, the Court finds that the Commission's decision to not have an evidentiary hearing was not in accordance with the law. The Commission's determination that the charges brought against Mr. Castro by DPW were barred by the 60 day rule contained in 4 GCA § 4406 is therefore REVERSED.

The Court REMANDS this matter to the Civil Service Commission for an evidentiary hearing regarding whether the charges brought against Mr. Castro by DPW were barred by the 60 day rule contained in 4 GCA § 4406. The Commission must also address whether the continuing wrong doctrine applies in the instant case.

SO ORDERED, this _10_ day of _July_ 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUL 1 0 2012

James R. Borja
Deputy Clerk, Superior Court of Guam